# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01669-WJM

BLACKSTONE INVESTMENT PROPERTIES IV, LLC,

    **Plaintiff,**

v.

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. LLC024CO0200003,

    **Defendant.**

---

## CERTAIN UNDERWRITERS AT LLOYD'S LONDON'S'S MOTION FOR DESIGNATION OF NON-PARTIES AT FAULT

---

Defendant, Certain Underwriters at Lloyd's, London ("Underwriters"), through its undersigned counsel, The Hustead Law Firm, A Professional Corporation, hereby and pursuant to C.R.S. §13-21-111.5, moves to Designate Non-Parties at Fault, identifying non-parties that are wholly or partially at fault in this action:

***Certification of Conferral:*** Pursuant to Local Rule 7.1 (a), moving counsel has a duty to confer with opposing counsel before filing a motion. **Underwriters has attempted to confer with counsel for Plaintiff, but has not received a response**.

## LEGAL AUTHORITY

"Federal courts sitting in diversity are bound by state statutes when deciding questions of substantive law." *Avalon Condo. Ass'n v. Secura Ins.*, 2014 U.S. Dist. LEXIS 100117, *4, (D. Colo. July 23, 2014) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64,

78 (1938)).  Colorado substantive law is applicable here.  *See Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (substantive law of the forum state governs in diversity action).

Under Colorado law, courts addressing breach of contract claims apply the law of the state with the "most significant relationship to the contract." *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 198 Colo. 444, 601 P.2d 1369, 1372 (Colo. 1979); *Budd v. American Excess Ins. Co.*, 928 F.2d 344, 346-47 (10th Cir. 1991).  The factors determining the "most significant relationship" include "(1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the party." *Sec. Serv. Fed. Credit Union v. First Am. Mortg. Funding, LLC*, 861 F. Supp. 2d 1256, 1267 (D. Colo. 2012).  The first four of these factors all relate to Colorado.  The contract at issue was negotiated with two Colorado insurance brokers (Amended Complaint at ¶ 4), and relates to the insurance on real property located in Colorado (Amended Complaint ¶ 6).  The last factor does not point to the law of any state, as the Plaintiff is domiciled in Washington and the Defendant is domiciled in Illinois.

Accordingly, Underwriters is permitted to designate the following entities as non-parties at fault pursuant to C.R.S. § 13-21-111.5(3)(b).

## **NON-PARTIES AT FAULT**

1.   Gregory Ahbe
     and
     The Ahbe Group
     7167 S Alton Way
     Centennial, CO 80112

Gregory Ahbe and The Ahbe Group (collectively, "Ahbe") were insurance brokers. Ahbe allegedly "acted to procure insurance insuring property in which [Plaintiff] Blackstone had an insurable interest known as 6824 Diamond Ridge Pkwy., Castle Rock, Colorado" (the "Property"). (Amended Complaint at ¶ 5). Ahbe allegedly failed to comply with statutes that required that "prior to placing an insured with a nonadmitted insurer, a broker or producer must . . . provide documentation that coverage required was not procurable after a comprehensive search was made from a minimum of three admitted insurers." (Amended Complaint ¶ 10). Ahbe also allegedly failed to maintain proper records. (Amended Complaint ¶ 11) and failed to timely execute an affidavit setting forth appropriate due diligence as required by statute (Amended Complaint ¶ 12).

Plaintiff alleges that Ahbe failed to disclose to Plaintiff that the insurance obtained by Ahbe did not cover the intentional acts of tenants. (Amended Complaint ¶ 19). Ahbe also allegedly signed an application for the insurance on the Property without Plaintiff's knowledge. Id. Ahbe allegedly knew Plaintiff's address, but failed to send the policy to that address. (Amended Complaint ¶¶ 6, 16). Accordingly, to the extent that Plaintiff obtained insurance coverage that was inadequate and suffered damages as a result, Ahbe is liable for such damages. Underwriters have no liability for any such acts, because Ahbe is not an agent of Underwriters.

2. Sean Edmonds
and
The Edmonds Agency
7167 S Alton Way
Centennial, CO 80112

Sean Edmonds and The Edmonds Agency (collectively, "Edmonds") were insurance brokers. Edmonds allegedly "acted to procure insurance insuring property in which [Plaintiff] Blackstone had an insurable interest known as 6824 Diamond Ridge Pkwy., Castle Rock, Colorado" (the "Property"). (Amended Complaint at ¶ 5).

Plaintiff alleges that it requested that Edmonds research insurance options of the Property, but that it did not request a material reduction in coverage. (Amended Complaint ¶ 8). Plaintiff alleges that Edmonds failed to disclose to Plaintiff that the insurance obtained by Edmonds did not cover the intentional acts of tenants. (Amended Complaint ¶ 19).

Edmonds also allegedly knew Plaintiff's address, but failed to send the policy to that address. (Amended Complaint ¶ 6, 16).

Accordingly, to the extent that Plaintiff obtained insurance coverage that was inadequate and suffered damages as a result, Edmonds is liable for such damages. Edmonds allegedly knew Plaintiff's address, but failed to send the policy to that address. (Amended Complaint ¶ 6, 16). Underwriters have no liability for any such acts, because Edmonds is not an agent of Underwriters.

WHEREFORE, Underwriters designates the above-described non-parties in this action and respectfully requests this Court to make such special findings determining the percentage of fault attributable to each of the above-described non-parties designated pursuant to C.R.S. § 13-21-111.5.

Respectfully submitted this 27th day of September, 2016.

                               The Hustead Law Firm
                                     *A Professional Corporation*

*s/ Aaron M. Bell*
_____
Aaron M. Bell, Esq.
Patrick Q. Hustead, Esq.
The Hustead Law Firm, *A Professional Corporation*
4643 S. Ulster Street, Suite 1250
Denver, CO 80237
(303) 721-5000
amb@thlf.com
pqh@thlf.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of September, 2016, I delivered a true and correct copy of the foregoing CERTAIN UNDERWRITERS AT LLOYD'S LONDON'S'S MOTION FOR DESIGNATION OF NON-PARTIES AT FAULT via ECF and/or Electronic Mail and/or U.S. Mail to the following:

Keith Frankl, Esq.
The Frankl Law Firm, P.C.
7400 E. Orchard Road, Suite 225-S
Greenwood Village, CO 80111
*Counsel for Plaintiff*

                                                *s/Aaron M. Bell*
                                                _____
                                                Aaron M. Bell